Todd Pickles (SBN 215629)
Henry A. Stroud (SBN 342479)
GREENBERG TAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Defendants
Rimini Street, Inc., a Nevada corporation
and Rimini Street, Inc., a Delaware corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALEY'S, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Rimini Street, Inc., a Nevada corporation;<br>Rimini Street, Inc., a Delaware corporation;<br>Does 1-10,<br><br>    Defendants. | CASE NO.<br><br>**JOINT NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441 and 1446]**<br><br>Removed from the Yolo County Superior Court of the State of California Case No. CV2023-2258<br><br>State Action Filed: October 27, 2023<br>Removal Date: February 5, 2024<br>Trial Date: None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Rimini Street, Inc., a Nevada corporation ("Rimini Street Nevada" or "Rimini Nevada")[1], and Rimini Street, Inc., a Delaware corporation ("Rimini Street Delaware" or "Rimini Delaware" and together, "Rimini Street" or "Defendants") hereby jointly remove the above-entitled action from the Superior Court of the State of California, County of Yolo ("State Court Action"), to the United States District Court for the Eastern District of California under Title 28, United States Code Sections 1332, 1441, and 1446 (diversity of citizenship jurisdiction). Pursuant to Section 1446(a), Rimini Street hereby provides a "short and plain statement of the grounds for removal." In the event a challenge is raised to the Court's jurisdiction Rimini Street can and will provide evidence to support the Court's jurisdiction. Removal is proper for the following reasons:

## I.   BACKGROUND AND PROCEDURAL REQUIREMENTS

1. Plaintiff Raley's ("Plaintiff" or "Raley's") filed the State Court Action on October 27, 2023. Plaintiff filed the operative First Amended Complaint ("FAC") on October 30, 2023. The FAC names Rimini Street, Inc., a Nevada corporation; Rimini Street, Inc., a Delaware Corporation; and Does 1 through 10 as Defendants. The FAC alleges claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud: false promise, fraud: intentional concealment, and unfair business practices in violation of California Business and Professions Code § 17200. Attached hereto as **Exhibit A** is a true copy of Plaintiff's Complaint. Attached hereto as **Exhibit B** is a true copy of Plaintiff's First Amended Complaint.

2. The State Court Action was filed in the Superior Court of the State of California for the County of Yolo. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1446(a).

3. In accordance with 28 U.S.C. § 1446(a), true copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto in **Exhibits A** through **C**. For the

---

[1] Rimini Street Nevada merged or was reorganized with Rimini Street Delaware such that it no longer exists as a separate entity. Defendants acknowledge the existence of Rimini Street Nevada as a separate entity for the purposes of this Notice of Removal only.

Court's ease of reference, these documents consist respectively of: Plaintiff's Complaint (**Exhibit A**), Plaintiff's First Amended Complaint (**Exhibit B**) and the remainder of the state court file (**Exhibit C**).

4.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file with the Clerk of the Yolo Superior Court and serve on all parties a copy of this Notice of Removal.

5.    If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

## II.    GROUNDS FOR REMOVAL

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants.

7.    In the event that Plaintiff disputes this Court's diversity jurisdiction, under Ninth Circuit precedent, the Court should permit Defendant to show it can establish the jurisdictional elements. *See Arias v. Residence Inn By Mariott, Ltd.*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

## III.    DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES

8.    For removal purposes, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Here, the parties to this action, all of which are corporations, are citizens of different states and were at the time the State Court Action was filed. *See* 28 U.S.C. § 1332(a)(1).

### A.    Plaintiff's Citizenship

9.    Plaintiff alleges that it is a corporation "organized and existing under the laws of the state

of California. . ." (FAC ¶ 1.) Additionally, Plaintiff's Certificate of Standing filed with the California Secretary of State shows that it was incorporated in California. Plaintiff's website, as accessed on January 8, 2024, states that Plaintiff's "corporate office is located in West Sacramento, Ca." As such, Plaintiff is a citizen of the State of California for purposes of diversity.

### B. Defendants' Citizenship

10. Defendant Rimini Street Nevada was at all relevant times organized and existing under the laws of the state of Nevada. Rimini Nevada's Certificate of Standing filed with the California Secretary of State shows that it was incorporated in Nevada. Rimini Nevada's primary place of business was located at Las Vegas, Nevada. For purposes of diversity, Rimini Nevada was at all relevant times a citizen of the State of Nevada.

11. Rimini Street Delaware is organized under the laws of the state of Delaware. Rimini Delaware's Certificate of Standing filed with the California Secretary of State shows that it is incorporated in Delaware. Rimini Delaware's primary place of business is located at Las Vegas, Nevada. As such, Defendant Rimini Street Delaware is a citizen of the States of Delaware and Nevada for purposes of diversity.

### C. Doe Defendants are Irrelevant for Purposes of Removal

12. The First Amended Complaint also names as defendants "Does 1 through 10." The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names must be disregarded).

13. Accordingly, complete diversity of citizenship between the parties exists for purposes of removal. 28 U.S.C. § 1332(c)(1).

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. Removal based on diversity jurisdiction is proper where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). In determining the amount in controversy, courts may consider "allegations in the removal petition, as well as summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citations omitted).

15. In the operative First Amended Complaint, Plaintiff alleges various causes of action that all arise out of Defendants' performance of alleged obligations arising out of a contract between Plaintiff and Defendants. The contract provides for a maximum recoverable amount of damages relating to claims arising from the contract. Based upon the allegations set forth in the First Amended Complaint by Plaintiff, the maximum amount recoverable for the claims for relief alleged in the First Amended Complaint is no greater than approximately $480,000.

16. Based upon the allegations in the First Amended Complaint, and upon information and belief, Plaintiffs are seeking to recover an amount up to, and possibly exceeding, the contractually-agreed upon maximum of approximately $480,000, and in any event seek to recover more than $75,000.00 with respect to the claims for relief alleged in the First Amended Complaint.

## V. THE REMOVAL IS TIMELY

17. A removal is timely if filed within the 30 days from "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" in compliance with 28 U.S.C. § 1446(b).

18. Defendants signed the Notice and Acknowledgment of Receipt as to the Summons, Complaint, and First Amended Complaint on January 5, 2024, thereby effectuating service under California law. *See* Cal. Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."); *see also Gray v. Extended Stay Am., Inc.*, No. 2:19-CV-01269 MCE EFB, 2020 WL 1274265, at *4 (E.D. Cal. Mar. 17, 2020) (as to removal, "the dispositive date is the day upon which acknowledgment of receipt is executed and returned to the sender.").

19. Thus, the removal of this action is timely.

## VI. ALL DEFENDANTS JOIN IN REMOVAL

20. All defendants in a state action "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

21. Here, both of the named Defendants in the State Court Action have jointly filed this notice of removal.

## VII. NO ADMISSION

22. By this filing, Defendants do not admit any liability, do not concede the accuracy of Plaintiff's allegations, and do not concede that Plaintiff is entitled to any of the relief sought in the Complaint or First Amended Complaint, or any relief of any kind.

23. By filing this notice, Defendants do not waive any defenses, including, but not limited to the defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

## VIII. CONCLUSION

24. Accordingly, because the State Court Action (i) is between citizens of different states, and (ii) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, this action may be and is hereby removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

DATED:  February 5, 2024

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Todd Pickles
Henry A. Stroud

Attorneys for Defendants
Rimini Street, Inc., a Nevada corporation and
Rimini Street, Inc., a Delaware corporation